**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CHRISTOPHER DEMITRY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 23-cv-03286 (APM)** |
| **CENTRAL INTELLIGENCE AGENCY, et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Plaintiff Christopher Demitry brings this *pro se* action against the Central Intelligence Agency ("CIA") and the National Security Agency ("NSA") for an alleged denial of a Freedom of Information Act request and infringement of his free speech rights. *See* Compl., ECF No. 1, at 3, 10. Because Plaintiff fails to raise a substantial federal question and his claims are patently frivolous, the court sua sponte dismisses the Complaint and this action.

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit" or "obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citations omitted) (internal quotation marks omitted); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when 'it is patently insubstantial, presenting no federal question suitable for decision.'" (internal quotation marks omitted) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994))). Claims are insubstantial and frivolous if they are "essentially fictitious" or advance "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." *Best*, 39 F.3d

at 330 (internal quotation marks omitted). In such cases, a district court may dismiss the case sua sponte. *See id.*

Here, Plaintiff alleges "technology and research" was stolen from his computers after he "accidentally wandered into a top secret classified program" and discovered a child that Plaintiff believed was at risk. Compl. at 3. Plaintiff further alleges that he has "been working the job" and needs "someone to acknowledge immediately that [he] was indeed working in an intelligence capacity, albeit in some less than orthodox mannerisms, to try to secure justice on behalf of democracy." *Id.* at 5.

The court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But Plaintiff's claim is clearly fantastic, delusional, and "essentially fictitious." *Best*, 39 F.3d at 330 (internal quotation marks omitted). Accordingly, the court dismisses the Complaint and this action for lack of subject matter jurisdiction.

A separate final, appealable order accompanies this Memorandum Opinion.

Dated: November 8, 2023

Amit P. Mehta
United States District Court Judge